### A. J. Looney and Wife v. Blue Adamson et al.

Married woman—Deed—Acknowledgment.—The deed of a married woman is not complete, so as to convey title to land, without the certificate of privy acknowledgment prescribed by the statute ; and its absence cannot be supplied by parol evidence.

Appeal from Freestone. Tried below before the Hon. John B. Rector.

In the transcript of this case, there is no statement of facts; but the bill of exceptions signed by the court sets forth in full the deed from D. B. Scarborough and his wife, Mary R. Scarborough, to William Adamson, dated February 24, 1853. This deed contains, in the certificate of acknowledgment before the notary, no statement of the privy examination and acknowledgment by the wife, as required by the statute. The same bill of exceptions sets forth the fact that T. L. C. Means, one of the subscribing witnesses to the deed, was asked and permitted to testify how the wife was examined by the officer touching her signature. Plaintiffs and appellants claimed the land as heirs of Mrs. Mary R. Scarborough, and appellees claimed under the deed from Mary R. Scarborough and her husband. The verdict, in response to special instructions, shows by its terms that it was based on the fact that the parol evidence satisfied the jury that the deed was voluntarily executed by the wife.

*Theodore G. Jones,* for appellant.

*Bradley & Kirven* and *Farrar & Prendergast,* for appellees.— The only difference between the case of Clayton's Administrator *v.* Frazier, 33 Tex., 91, and the case at bar, is, that in the former Mrs. Clayton, in her life and while a married woman, made no privy acknowledgment of the execution of her bond for title, while in this Mrs. Alston did; but the deed, through the mistake or error of the officer, does not furnish evidence of the fact. It was urged, in the court below, that the case of Clayton *v.* Frazier did not apply to the facts of the case under consideration, because the contract was executory in that case, while in this it is executed; that the case of Clayton *v.* Frazier was a suit for specific performance, while this is an action of trespass to try title. We fail to see the point of this hair-splitting distinction; for a title upon which a suit for specific performance can be maintained would certainly be sufficient to defend one's possession in an action for tres-

pass to try title. (See Miller *v*. Alexander, 8 Tex., 36.) If appellees' title is not a legal one, for want of Mrs. Alston's privy acknowledgment, it is certainly an equitable one, according to the authority of Clayton's Administrator *v*. Frazier; and if they have an equitable title, it is superior to the legal title of Mrs. Alston's heirs, according to the authority of Miller *v*. Alexander, and numerous other cases to the same effect.

ROBERTS, CHIEF JUSTICE.—The record in this appeal contains a bill of exceptions to evidence admitted over exceptions to its admission by appellants, the charge of the court, and the verdict of the jury, and the judgment of the court thereon, in favor of appellees, without a statement of facts.

It is a suit to recover land, in which, as shown by the charge, the appellants, as plaintiffs below, were entitled to recover by virtue of the patent issued to their ancestor, unless they were prevented by the deed of their said ancestor, under which the appellees, defendants below, claimed title, as shown by their answer, as well as by the charge of the court.

The bill of exceptions shows that said deed of the ancestor was executed by a *feme-covert*, with her husband, without any certificate attached thereto of a private examination and acknowledgment before an officer, according to the statute; and that the court admitted parol evidence to establish the facts, which should have been shown by such certificate.

The court charged the jury to find for the defendants, if they were satisfied, from the evidence, that the deed was voluntarily executed by her.

The verdict shows expressly that the jury found the fact of the voluntary execution of the deed by her, upon the parol testimony admitted to establish it in pursuance to said charge.

Thus it is made to appear clearly and certainly under what charge and under what evidence the jury found their verdict,

so that the legality of the charge can be a subject of revision by this court, without a statement of facts, which has rarely happened heretofore.

The charge of the court, upon which this verdict was rendered in favor of the defendants below, is erroneous.

It has been held by this court, upon full discussion and mature consideration, that the deed of a married woman is not complete, so as to convey title to land, without the certificate of privy examination and acknowledgment, as prescribed by the statute.    (Berry *v.* Donley, 26 Tex., 745.)

In the case cited, it was pleaded, as in this, that although there was no such certificate, still the deed was voluntarily executed by the married woman, showing that the same question was raised in that case as that upon which this case was decided.

Judgment reversed and cause remanded.

REVERSED AND REMANDED.