## ANNIE M. VEEDER ET AL. V. ELI GILMER.

No. 2081.  Decided June 22, 1910.

**1.—Deed—Married Woman—Acknowledgment—Limitation—Color of Title.**

The deed of a married woman of which the certificate of acknowledgment is fatally defective, though supported by parol proof that the previous examination and acknowledgment were made as the law required and that the failure of the certificate to show such facts was due to the officers' omission, is insufficient either to pass title to the land or to show color of title under the three years' statute of limitation. (Pp. 461, 465.)

**2.—Same—Cases Discussed.**

Looney v. Adamson, 48 Texas, 619, and Berry v. Donley, 26 Texas, 737, approved and followed. Johnson v. Taylor, 60 Texas, 364, distinguished; Hayden v. Moffett, 74 Texas, 650,. criticised. Wiliams v. Ellingsworth, 75 Texas, 472, criticised and distinguished. Norton v. Davis, 83 Texas, 36, distinguished. Interstate Building & Loan Ass'n. v. Goforth, 94 Texas, 259, explained. (Pp. 461–465.)

**3.—Limitation—Nonresident—Action to Correct Certificate.**

Limitation runs against an action to correct the certificate of acknowledgment of a married woman's deed though the defendants in the action were nonresidents over whom jurisdiction could not be obtained by service of process within the State.: (Pp. 465, 466.)

**4.—Action to Recover Land—Improvement—Good Faith.**

Defendant, in an action of trespass to try title, is not precluded from recovering the value of improvements made on the land, on the ground that he did not hold title in good faith, by the fact that he claimed under a deed by a married woman with a defective certificate of acknowledgment. (P. 466.)

**5.—Improvements on Land.**

The fact that defendant's improvements upon the land which plaintiff sought to recover were alleged by him to consist of two houses of a certain value, the evidence showing four houses of that value, would not justify a denial of all allowance for improvements if made in good faith. (P. 466.)

Error to the Court of Civil Appeals for the Fourth District in an appeal from Orange County.

Mrs. Veeder and her husband brought suit against Gilmer for the recovery of land, and appealed from a judgment for defendant, on the affirmance of which they obtained writ of error.

*Hart & Sholars* and *N. A. Rector,* for plaintiffs in error.—The deed of a married woman to her separate property, which is not acknowledged by her in the manner required by statute for the conveyance of the separate property of a married woman, is an absolute nullity and is not evidence of title. Kimmey v. Abney, 107 S. W., 885; Berry v. Donley, 26 Texas, 737; Cross v. Evarts, 28 Texas, 524; Whetstone v. Coffee, 48 Texas, 269; Silcock v. Baker, 61 S. W., 939; Looney v. Adamson, 48 Texas, 619; Rhine v. Hodge, 21 S. W., 140; Chester v. Breitling, 32 S. W., 527; Ruleman v. Pritchett, 56 Texas, 428; Wall v. Lubbock, 118 S. W., 886; Watson v. Watson, 55 S. W., 83.

The deed of a married woman to her separate property which is not acknowledged by her in the manner required by statute for the conveyance of the separate property of a married woman, is null and void and will not support the statutes of limitation of three years. Kimmey v. Abney, 107 S. W., 885; Berry v. Donley, 26 Texas, 737; Cox v. Bray, 28 Texas, 247; Silcock v. Baker, 61 S. W., 939; Watson v. Watson, 55 S. W., 183; Parker v. Chancellor, 11 S. W., 503.

The deed of a married woman to her separate property, which has not a certificate of acknowledgment on same that is in conformity with the statutes of Texas, may, by proper proceedings, be corrected within four years from the date of such defective certificate, but not thereafter, even though the party claiming under such deed has actual possession of the property; such action being barred by the statute of limitation of four years, the deed is thereafter a nullity and will not support the three years statute of limitation, nor support a judgment in favor of such deed, especially when the four years statute of limitation is pleaded in bar of an action to correct the defective certificate of acknowledgment. Oury v. Saunders, 24 S. W., 341; article 3358, Sayles' Texas Civil Statutes; Starns v. Beitel, 50 S. W., 203.

*Holland & Holland,* for defendant in error.—The deed of a married woman which has on it a defective certificate of acknowledgment is admissible in evidence, with other testimony to the effect that, although defectively certified, such deed had been in fact properly acknowledged by her, upon the issue of intrinsic fairness and honesty, making such deed color of title under the three years statute of limitations. Veeder v. Gilmer, 105 S. W., 333; Hussey v. Moser, 70 Texas, 42; Pillow v. Roberts, 13 How., 472; Downs v. Porter, 54 Texas, 63; Edgerton v. Bird, 70 Am. Dec., 476; Murphy v. Doyle, 33 N. W., 222; Swift v. Mulkey, 21 Pac., 873; Beverly v. Burke, 9 Ga., 443; Brooks v. Bryan, 35 Ill., 394; Tate v. Southard, 14 Am. Dec., 583, note; Norton v. Davis, 18 S. W., 431; Build-

ing Loan Assn. v. Goforth, 59 S. W., 871; Grigsby v. May, 84 Texas, 256; Cramer v. Clow, 9 L. R. A., 775; Hall v. Caperton, 87 Ala., 285; Wofford v. McKenna, 23 Texas, 36; Wilson v. Atkinson, 77 Cal., 485; Hall v. Law, 102 U. S., 26 L. Ed., 217; Dibble v. Bellingham Bar Co., 163 U. S., 72.

The certificate of acknowledgment is the mere act of an officer in which the married woman has no concern, and does not in any way affect her in the free and voluntary consummation of her contract and could have no bearing on the intrinsic fairness and honesty of her conveyance. The fairness and honesty requirement of the statute simply demands that the contracting feme covert sign and properly acknowledge her conveyance, and when she does this her contract is consummated and binding, and the carelessness of an officer in certifying the acknowledgment or recording the deed can not effect it or impair its validity. Speer on Married Women, sec. 110; Building & Loan Assn. v. Goforth, 59 S. W., 871; Johnson v. Taylor, 60 Texas, 360.

The deed of a married woman properly acknowledged and fairly executed is color of title, and the failure of the notary to properly certify to the acknowledgment does not extend to or include the want of intrinsic fairness and honesty in the deed. Veeder v. Gilmer, 105 S. W., 333; Hussey v. Moser, 70 Texas, 42; Wright v. Mattison, 18 How.; 50; Schrimpscher v. Stockton, 183 U. S., 298; Downs v. Porter, 54 Texas, 62.

When a married woman executes and acknowledges under the Constitution a deed conveying her separate property, the title passes and the failure or refusal of the officer taking her acknowledgment to properly certify to such acknowledgment can not operate to reinvest her with title. Hayden v. Moffatt, 74 Texas, 650; Johnson v. Taylor, 60 Texas, 364; Sanborn v. Murphy, 86 Texas, 443.

Limitation will not run against any right or cause of action until some forum is open in which such right or cause of action can be prosecuted, and the statutory action to correct a certificate of acknowledgment is a purely personal action and can not be maintained against a nonresident of the State upon constructive service. Pegram v. Owens, 64 Texas, 475; Kimmarle v. Railway, 76 Texas, 686; York v. State, 73 Texas, 651; Pennoyer v. Neff, 95 U. S., 723; Hart v. Samson, Book 24 Law Ed. (U. S.), p. 1101; 19 Am. & Eng. Ency., 1901 ed., 235, sec. 8; Langdon v. Doud, 83 Am. Dec., 643; Hall v. Nasmith, 28 Vt., 791; Rutland Marble Co. v. Bliss, 57 Vt., 23; Brown v. Rollins, 44 N. H., 446; Bell v. Lamprey, 52 N. H., 41; Drew v. Drew, 37 Me., 389; Campbell v. White, 22 Mich., 178; Rhodes v. Farish, 16 Mo., 430; Miller v. Tyler, 61 Mo., 401; Savage v. Scott, 45 Iowa, 130.

Mr. Justice Williams delivered the opinion of the court.

This is an action by Mrs. Veeder, joined by her husband, to recover two lots in the town of Orange. Judgment was given for defendant on his defense of three years limitation, and affirmed by the Court of Civil Appeals. The judgments of both courts below were in accord with an opinion of the Court of Civil Appeals given

in a former appeal (Veeder v. Gilmer, 105 S. W., 331), on the question whether or not the deed of a married woman, the certificate of acknowledgment to which is fatally defective and has never been corrected or reformed by judgment in accordance with the statute (Rev. Stats., arts. 4663-5), can be made to constitute color of title under the three years statute of limitation by parol proof that the privy examination and acknowledgment in fact were made as the law required and that the failure of the certificate to show the necessary facts was due to the officer's omission to certify fully to what actually took place before him. The Court of Civil Appeals held that the deed, with such proof, was not good to pass the title, but was good as color of title to support the plea of limitation. The plaintiff in error attacks the last proposition, while the defendant in error, not only affirms it, but contends that the first is incorrect and that he should have judgment on both. Our opinion is that the first proposition is correct and that it necessarily follows that the second is incorrect. It has long been settled by the decisions of this court, rendered by founders of much of our jurisprudence, not only that the privy examination of and acknowledgment by a married woman are absolutely essential to the passing of her title to land by deed, but also that the only evidence which the law will admit that the things essential to the completeness thereof actually took place is the certificate of the officer stating them, or the judgment of a court correcting such certificate in accordance with the statute so as to show them. Until the passage of the statute the certificate was the only evidence, and where it did not contain all the law required the deed failed. Looney v. Adamson, 48 Texas, 619; Berry v. Donley, 26 Texas, 737. The only change the statute makes is to permit the facts which actually existed and ought to have been stated in, but were omitted from, the certificate to be established and evidenced by judgment in an action brought for that purpose within the time prescribed by law, and it must follow that such facts can be shown only in two ways for the purpose of passing the title of the married woman—(1) by the certificate, or (2) by judgment as stated. When it is contended, therefore, that such a deed actually acknowledged, but not properly certified, is good to pass title, it is implied that we are legally in possession of the facts of the acknowledgment not evidenced as the law prescribes, when the law will not receive any evidence of such facts other than that so prescribed. Of course, we are not speaking of the evidence admissible in an action to avoid such a deed on equitable grounds in which it is as permissible to go behind the certificate as it is to go behind judgments of courts. We are dealing with the question only as it arises, as it does here, as to the legal effect of a married woman's deed when it is produced with the certificate fatally defective. The opinion of Judge Moore in Berry v. Donley, and of Judge Roberts, in Looney v. Adamson, have always been regarded as being the law, recognized in many ways that need not be cited, and whatever expressions may be found in some of the later opinions, they have never been overruled nor modified. There are later dicta of which some have been misunderstood, and others seem to favor

the proposition for which counsel for defendant in error contends. Of the first kind is the opinion of Judge Stayton in the case of Johnson v. Taylor, 60 Texas, 364. The character of that case must not be overlooked. It was an action to correct a certificate of a married woman's acknowledgment under the statute before referred to on the validity of which statute an attack was made on the ground, stated generally, that it undertook to take away the title of married women to their property by imparting to their pre-existing but void deeds, an effect they never before had; and it was in answering this objection that Judge Stayton wrote the opinion referred to. It shows throughout that he recognized the law to be as we have stated it. Thus, on page 362 he uses this language: "The statute does not attempt to create a right where none before existed, but simply to permit parties to show, if they can, by the judgment of a court, that which, before the statute was enacted, could only be shown by the certificate of the designated officer. A statute which accomplishes this, and no more, can not be said to operate retrospectively." On page 364 he says: "It simply provides a new rule of evidence and a remedy, by which it may be shown that a contract was really made in accordance with law." And again, on the same page he says: "In place of the evidence which the law required to be furnished by the certificate of the officer, the statute now, in the absence of such evidence, substitutes the judgment of a court, before which full and free inquiry can be made as to whether or not the acknowledgment was under such circumstances and in such form as the statute requires.

"That the privy examination, acknowledgment and declaration before the officer as required by the statute is the essence and foundation of the obligation of a married woman's deed is certainly true. Cross v. Evarts, 28 Texas, 532; Berry v. Donley, 26 Texas, 746; Looney v. Adamson, 48 Texas, 621."

And on page 363 occurs a passage too lengthy to copy, which really states the substance of the entire decision. These passages show that Judge Stayton throughout the opinion treated the statute as supplying a new way of obtaining evidence of the fact which before could be shown only by the certificate of the officer and he nowhere asserted a proposition that would have been in the face of some of the decisions cited by him, viz.: that the facts constituting the privy examination and acknowledgment could be shown by parol, so as to make a deed, the proper acknowledgment of which was not shown either by the certificate as written by the officer or by a judgment correcting that certificate, operative to transfer the title of a married woman. To the contrary, on page 365, he says expressly that the statute must be complied with to pass such title. In sustaining the power of the Legislature thus to provide a means of evidencing the validity of deeds which otherwise would have been invalid, with his usual care and at great length, he states the things which the law had made it incumbent on the parties to a deed themselves to do as the things essential to a conveyance of the property of the feme covert, and points out that the statute under discussion dispenses with none of them, that it does not make a con-

tract of any kind where there was none before, but simply ·gives effect to what the parties themselves had done by providing an additional kind of evidence of their action to that formerly required. Some of his expressions in developing this thought seem to have given rise to the erroneous impression that we are discussing. Speaking of the fact of examination and acknowledgment he says on pages 363-4: "When this was in good faith willingly done with the full knowledge of the import and meaning of the instrument, acquired in the manner prescribed, insofar as it was possible for her to do, the power was fully exercised and the act of transfer accomplished. What remained to be done in no manner affected her free and voluntary consummation of the contract, but consisted, the officer up to that time having discharged his duty, solely of the then formal act which the officer was required to perform in the making of the certificate required by the statute, the sole purpose of which was to evidence her assent, uninfluenced by her husband or any other person after having been fully informed by the officer of the character and effect of the instrument.

"No act or free exercise of will by the married woman, necessary to be performed or exercised by her in order to pass her title, required by the law in force at the time the deed was made, is dispensed with by the law under consideration."

This seems to explain itself. It certainly does not mean that the law had not required the certificate as the only evidence of the facts constituting the acknowledgment before the statute was passed, nor that the statute allowed parol evidence for any other purpose than to correct the certificate. It means simply that that which the law had previously required as the only evidence of the prescribed facts was a thing the Legislature could have dispensed with and the place of which the Legislature could therefore permit to be supplied by other evidence, since it did not consist of anything the parties to the conveyance must have done. Everything said in the opinion must likewise be interpreted in its bearing upon the question in mind as to the power of the Legislature to pass the statute. If any statement made in such an argument is found to be too broad it, of course, has no binding force as authority. The statement several times made that the acknowledged but uncertified deed is not void means no more than that it forms a just basis for legislative action to give what the parties had done the legal effect they intended it should have, and that a law for that purpose did not create rights where none previously existed, but only permitted the establishing by legal evidence of that to which the parties have fully assented, by other evidence than that before required. One has only to read some of the many discussions of questions as to the legislative power to cure such defects in deeds and the like, to understand the significance of Judge Stayton's language. Differently interpreted his opinion would state contradictory propositions.

In Hayden v. Moffett, 74 Texas, 650, there is an abstract statement in the opinion by Judge Acker to the effect that the married woman's deed takes effect when the acknowledgment is made, and that the certificate is only needed to admit the deed to registration.

This was a mere dictum not called for by the facts. That it is an erroneous or incomplete statement of the office of such a certificate incontestably appears from the authorities before cited as well as from Davis v. Kennedy, 58 Texas, 519, and other cases therein referred to.

Another of the cases on which the contention under examination is based is that of Williams v. Ellingsworth, 75 Texas, 482. That was a suit to recover land and also to correct the certificate of acknowledgment under which both plaintiff and defendants claimed. The deed was made in 1880 and the action was begun in 1887. Nothing is said in the opinion about limitation, and we can not see from the report whether or not the statute was pleaded, or if so, was avoided in some way. The *decision* was that the parol evidence failed to show that the woman, in fact, made the acknowledgment and the judgment was reversed for that reason. In the opinion Judge Hobby said this: "Under the operation of this doctrine (that of Taylor v. Johnson) there might have been a recovery by appellee based upon the deed of 1880 executed by Mrs. Sanford, although the certificate was, as we have seen, defective, had the evidence established satisfactorily the facts that she had made the declarations prescribed by statute and the official duties required of the notary in this connection had been performed." This may have had reference to the right to recover by correcting the certificate under the statute. But if the right to do that did not exist and the expression means that the facts to show the acknowledgment could be supplied by parol, for the purpose of making the deed operative without correction, *it is not correct, is not supported by the decisions to which* it refers and is in conflict with those cited in the early part of this opinion, in addition to which it was only a dictum of the writer of the opinion.

All that is decided in Norton v. Davis, 83 Texas, 36, is that the parol evidence that had been admitted in the court below did not establish a proper examination and acknowledgment and further that the action to correct the certificate was barred by limitation.

If it was meant to hold in Taylor v. Johnson, as some of these subsequent observations seem to assume, that without correction of the certificate in the statutory mode the deed could be sustained by parol proof of the facts which the certificate should state, but omits to state, it is passing strange that Judge Stayton thought it necessary to make so elaborate an argument to prove the power of the Legislature to authorize that to be done which could have been done without the statute.

In Building & Loan Association v. Goforth, 94 Texas, 306, Judge Brown uses this language: "The failure to properly certify the acknowledgment did not render the contract void, but it took effect as between the parties from the time the proper acknowledgment was taken before the officer. Shoemaker could have maintained an action against Goforth and his wife at any time within four years from the making of the contract for the correction of the certificate and *upon a decree being entered to that effect the evidence of the acknowledgment* would be supplied." This states the view properly to be taken

of the effect to be given to the deed when finally the proper evidence of the acknowledgment has been supplied, recognizing the necessity of the written evidence in one of the prescribed forms. Of course, when an action is pending and is maintainable for the correction of the certificate, parol evidence is admissible to show the facts essential to the judgment of correction, or if, as in the case last above cited, the parties have made the correction themselves such evidence may be admitted to show the validity of the new contract; but when there has been no new contract and the statutory remedy has been lost, the certificate alone can be looked to on the issue of title and, if it fails to show the necessary facts, the deed must fail. This proposition is fully established by the distinction made in the case just referred to between it and that of Starnes v. Beitel therein discussed.

We have discussed the question at some length, not because of any doubt as to the true rule, but because counsel and, to some extent the Court of Civil Appeals, have been misled by some things said in opinions of the court which, taken without qualification or explanation, lend some countenance to the position taken. In so doing we have purposely addressed ourselves to the question as to the efficacy of a defectively certified deed of a married woman to pass her title, although the decision we are reviewing held with us on that question, because we think the decision of it controls the other in which we differ with the courts below. If such a deed does not pass the title it purports to pass, it can not be either title or color of title for the purposes of limitation. The question as to the intrinsic fairness and honesty of the document is not reached. It fails in the first requisite, in that it is not a "transfer." Either title or color of title must be a "consecutive chain of transfer," the one regular, the other not. When there is irregularity—color of title—it must not be such as to "extend to or include the want of intrinsic fairness and honesty." But the quality of intrinsic fairness and honesty in an instrument or in the transactions involving it, does not necessarily make it color of title. It must be a "transfer"—something capable of passing from one to another the title it purports to convey. We need no authority for the proposition besides the statute, but the question is expressly decided in Berry v. Donley, *supra,* and the principle stated is supported by many decisions upon the three years statute. In Berry v. Donley there was, it is true, no certificate at all, but it is impossible to make a distinction, in this connection, between no certificate and a void one. There may be an important difference in corrective proceedings under the statute; but the question here being whether or not the deed as produced was sufficient as a transfer, the answer to it must be the same as in Berry v. Donley, for equally with the instrument in that case, that in this fails to pass any title.

The defendant in error by cross-assignment complains of the holding of the trial court that the cross-action, filed in 1905, to correct the certificate of acknowledgment to the deed in question made in 1871, was barred by limitation, the reason urged to avoid the statute

being that plaintiffs have all the time been nonresidents of Texas. That did not prevent the running of the statute, as it is construed, whether such an action could have been brought and jurisdiction over defendants therein obtained in the State or not. Wilson v. Daggett, 88 Texas, 376.

The trial judge, although rendering judgment for the defendant, made findings of the facts involved in the claim for improvements in good faith. He held, however, in his conclusions of law that the defendant, if losing the land, would not be entitled to compensation for improvements for two reasons: (1) he knew when he made them he had no title, and (2), in his plea he alleged the improvements to consist of two houses of the value of $6000, while the evidence showed four houses of that value. The first reason seems to be based wholly on the defects in the acknowledgment to the deed and the opinion that it charged defendant with knowledge of want of title as matter of law and made him a possessor in bad faith. The decisions hold otherwise. Hill v. Spear, 48 Texas, 584; House v. Stone, 64 Texas, 608. The second reason would hardly justify the denial of all allowance for improvements, if made in good faith.

The holding of the Court of Civil Appeals on the former appeal that the deed from Veeder and wife to David Gilmer was color of title, necessarily led to judgment for defendant for the land under the undisputed facts. This probably induced the parties as well as the trial court to give less attention to the question of improvements than it might otherwise have received. We think it proper, therefore, after reversing the judgment, to remand the cause for further trial of that issue alone. The judgments are reversed and the cause remanded to permit the defendant to amend his pleadings as to improvements if he desires, and with instructions to try that issue and to render judgment for the plaintiffs for the title to the land, wth such further orders as may become proper under the statute as the result of the findings on the issue of improvements.

*Reversed and remanded with instructions.*