### ALLEY v. BESSEMER GAS ENGINE CO.

(Circuit Court of Appeals, Fifth Circuit. November 19, 1919. Rehearing Denied December 15, 1919.)

#### No. 3326.

1. APPEAL AND ERROR ⊜⟹1035—ABSENCE OF JURY TRIAL NOT PREJUDICIAL.
    The judgment of the court on the bar of limitations being sustained by the undisputed evidence, absence of a jury trial was not prejudicial.

2. LIMITATION OF ACTIONS ⊜⟹84(2)—ABSENCE OF DEFENDANT AT ACCRUAL OF CAUSE.
    Rev. St. Tex. 1911, art. 5702, tolling the running of the statute, if defendant be without the state at any time during which the action might be maintained, has no application, where defendant was without the state when the cause of action accrued and did not return within the period of limitations.

3. LIMITATION OF ACTIONS ⊜⟹88—FOREIGN CORPORATIONS NOT WITHOUT STATE DURING LIMITATION PERIOD.
    Defendant foreign corporation was, for purpose of citation on it, not only within the state when plaintiff's cause of action for personal injury accrued, but also never without it during the two years thereafter, so that under Rev. St. Tex. 1911, art. 5687, subd. 6, and article 5702, action was barred; it at all times having local soliciting agents, on whose orders, when approved at the home office, it shipped, article 1861 allowing it to be served by citation on any local agent within the state.

4. CORPORATIONS ⊜⟹668(5)—SERVICE ON "LOCAL AGENT."
    A "local agent," within Rev. St. Tex. 1911, art. 1861, allowing a foreign corporation to be served by citation on its local agent within the state, is one at a given place or within a district.
    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Local Agent.]

5. CORPORATIONS ⊜⟹380—CORPORATION AGENT OF ANOTHER CORPORATION.
    A corporation may act as agent of another corporation, unless prohibited by statute.

6. CORPORATIONS ⊜⟹668(5)—SERVICE ON CORPORATION'S AGENTS, IN ABSENCE OF OFFICERS.
    A domestic corporation is capable of being served as local agent of a foreign corporation, though all its officers live without the state; it having agents living in the state, through whom it acts for the foreign corporation.

In Error to the District Court of the United States for the Northern District of Texas; Edward R. Meek, Judge.

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by Robert F. Alley against the Bessemer Gas Engine Company. Judgment for defendant, and plaintiff brings error. Affirmed.

W. H. Kimbrough, of Amarillo, Tex., Y. W. Holmes, of Comanche, Tex., and Kimbrough, Underwood & Jackson, of Amarillo, Tex., for plaintiff in error.

Cockrell, Gray, McBride & O'Donnell, of Dallas, Tex., for defendant in error.

Before WALKER, Circuit Judge, and FOSTER and GRUBB, District Judges.

GRUBB, District Judge. This was a suit for damage for personal injuries. In the District Court the statute of limitations of two years was held to apply to it, and there was a judgment for the defendant, from which this writ of error is taken.

[1] The plaintiff in error contends that the District Judge erred in determining the issue without submitting it to a jury. The applicability of the statute was presented by demurrers and exceptions to the amended petition and by plea. Evidence was taken in support of the plea. The court sustained the plea, after considering the evidence. No objection to this method of trial was made in the court below, and the parties treated it as being properly tried by the court. In the view we take of it, the judgment of the court may be sustained by the undisputed evidence, and the absence of a jury trial was not, therefore, prejudicial to the plaintiff in error.

[2-4] The injury occurred July 28, 1912, and the suit was filed October 8, 1914, more than two years thereafter. The claim was therefore barred by subdivision 6 of article 5687, Rev. Statutes of Texas, unless the bar was prevented by article 5702, Rev. Statutes of Texas, which provides that, if the defendant be without the limits of the state at any time during which the action might be maintained, the plaintiff has the right to bring the suit after defendant's return to the state, and the time of defendant's absence shall not be taken as part of the time limited by the statute.

The article has been held not to apply to one who was absent from the state when the cause of action accrued and at all times thereafter. Tourtelot v. Booker (Tex. Civ. App.) 160 S. W. 293; Wilson v. Daggett, 88 Tex. 375, 31 S. W. 618, 53 Am. St. Rep. 766; Veeder v. Gilmer, 103 Tex. 458, 129 S. W. 595. If the defendant was at all times a nonresident of Texas, the statute would have run in its favor. The defendant was a Pennsylvania corporation. It solicited orders through a local salesman in Texas, shipped the machines, in response to the orders, after they had been approved at the home office in Pennsylvania, and collected for the shipments in Texas, through its local representatives there. The local salesmen had no right to accept orders or compromise claims. This was the regular course of defendant's business in Texas and was not confined to isolated cases. In the case of International Harvester Co. v. Kentucky, 234 U. S. 579–585, 34 Sup. Ct. 944, 946 (58 L. Ed. 1479), the Supreme Court said:

"In order to hold it responsible under the process of the state court, it must appear that it was carrying on business within the state at the time of the

attempted service. As we have said, we think it was. Here was a continuous course of business in the solicitation of orders, which were sent to another state, and in response to which the machines of the Harvester Company were delivered within the state of Kentucky. This was a course of business, not a single transaction. The agents not only solicited such orders in Kentucky, but might there receive payment in money, checks, or drafts. They might take notes of customers, which notes were made payable, and doubtless were collected, at any bank in Kentucky. This course of conduct of authorized agents within the state in our judgment constituted a doing of business there in such wise that the Harvester Company might be fairly said to have been there, doing business, and amenable to the process of the courts of the state."

We think the part quoted covers this case, and shows that the defendant was doing business in Texas when the cause of action accrued.

If so, then it could be served by citation on "any local agent, within this state, of such corporation." Rev. Stat. of Tex. 1911, art. 1861. The defendant, at the time the cause of action accrued, had two agents, one located at Dallas and one at Laredo, each with a defined territory under his control. A local agent, under the Texas statute, is held to be "an agent at a given place or within a district." W. E. Co. v. Troell, 30 Tex. Civ. App. 200, 70 S. W. 324; W. C. P. & Co. v. Anderson, 97 Tex. 432, 79 S. W. 516. The agents at Laredo and Dallas were local agents, within the meaning of the Texas statute, and capable of being served as such.

[5, 6] As the defendant was doing business in Texas, and had local agents there upon whom service could have been had, when the cause of action accrued, and as the suit was filed more than two years after the injury, the statute is operative to bar the suit, unless the defendant was absent from the state during the period of two years after the cause of action accrued. It is so contended by plaintiff in error. The evidence showed that the defendant had a local agent in Texas, one C. H. Bishop, at Dallas and Laredo, from July 29, 1910, until June 29, 1913. His presence covered the two-year period, except the part of it from June 29, 1913, until July 28, 1914. Was the defendant out of the state during any part of that period? On October 23, 1912, it organized a domestic corporation under the laws of Texas, which acted as its agent in Texas from that date until after the bar of the statute was complete. A corporation may act as the agent of another corporation, unless prohibited by its charter. 3 Thompson on Corporations, § 2156.

The plaintiff in error contends, however, that the domestic corporation was not capable of being served, because all its officers lived beyond the state of Texas. The record shows that the Texas corporation sold 20 gas engines for the parent company prior to the time of the institution of the suit. The Texas corporation could have acted in doing so only through agents, and, if its officers all lived out of Texas, it must have had agents, not officers, who lived in Texas, and through whom such sales were made for it. A corporation can act only through agents. The record also shows that the Texas corporation kept a stock of parts in Texas, to be there furnished to the customers of the parent company. Resident agents were essential also to conduct that business. The Texas corporation also had two

designated principal places of business in Texas, for the purpose of service.

We think the record shows that the defendant was never absent from Texas, for the purpose of citation upon it, during the two years succeeding the accrual of the cause of action on which the suit is brought, and that the bar of the statute of limitations of two years was complete, when the present suit was brought, October 8, 1914.

The judgment of the District Court is affirmed.