**CATES et al. v. GREENE et ux.**

No. 8577.

Court of Civil Appeals of Texas. Austin.

Feb. 9, 1938.

Rehearing Granted in Part and Denied in Part March 9, 1938.

Second Motion for Rehearing March 23, 1938.

John Simmang and E. T. Simmang, both of Giddings, for appellants.

Thos. W. Thompson, of Giddings, for appellees.

McCLENDON, Chief Justice.

This suit involves the validity of a certain instrument signed by Greene and wife and purporting to convey to Cates one-half interest in the oil and gas, and to assign to him one-half interest in royalties and deferred payments under a prior mineral lease covering 116 acres of land, which was community property and the · rural homestead of Greene and wife. The pertinent facts follow:

June 12, 1930, Greene and wife executed an oil and gas lease upon the land in favor of Lloyd. This lease provided for an oil royalty of one-eighth of that "produced and saved from said lands, same to be delivered at the wells or to the credit of the lessor into the pipe line to which the wells may be connected." It also provided for deferred annual rentals of $116, in lieu of drilling for a period of 10 years; the lease to terminate upon failure to drill or pay the rentals. This lease passed by mesne conveyances to Magnolia Petroleum Company. On July 3, 1930, Greene and wife signed and acknowledged the above instrument in favor of Cates. This instrument in form conveyed an undivided half interest in the oil, gas, and other minerals in and under the land in question. It recited that the land was under an oil and gas lease in favor of ———, and provided that the sale was made subject to the terms of the lease, "but covers and includes one-half of the oil royalty and gas rental or royalty due and to become due under the terms of said lease"; and further that "one-half of the money rentals which may be paid to extend the terms within which the well may be begun under the terms of said lease is to be paid to said grantee; and in the event that said described lease for any reason becomes cancelled or forfeited, then, and in that event, an undivided one-half of the lease interest and

all future rentals and bonuses on said land for oil and gas and mineral privileges shall be owned by the grantee owning one-half of all oil, gas and minerals in and under said lands, together with one-half interest in all future rents." The acknowledgment to this instrument, both of the husband and wife, was on the form of a single person's acknowledgment, and contained no recitation of the privy examination of the wife, that the instrument was explained to her, that she executed the same of her own free will and accord and did not wish to retract it. July 16, 1931, Greene and wife, Cates, and others claiming under Cates, signed a division order acknowledging that the rentals and royalties under the lease were owned one-half by Greene and wife and the other by Cates and his assigns in the proportion named. This instrument ratified and confirmed the lease and assignment by the Greenes to Cates. It was not acknowledged by either Greene or wife. There has been no development under this lease, and the annual rentals were paid as provided in the division order prior to the payment due in July, 1935. The Magnolia brought this suit against all the parties named in the division order, asserting that there was a controversy as to the validity of the Cates lease and assignment and of the division order; and it was uncertain who was entitled to one-half of the rentals due in July, 1935. The money was tendered and later paid into the registry of the court. Answers were filed by the respective parties. Greene and wife asserted the invalidity of the Cates lease and assignment and division order, on the ground that the property was homestead, and the instruments had not been acknowledged by the wife as required in conveyances of the homestead. They sought on this ground to have the instruments canceled as a cloud upon their title. Cates and assigns asserted that the lease and assignment was in fact properly acknowledged, but that the officer had failed to make proper certificate thereof; and sought correction of the certificate in that regard. They also asserted: (1) That the land being community property, the title passed subject to the homestead interest, and would become effective upon abandonment; and (2) that (a) the royalties and (b) deferred rentals constituted personalty, and passed by the assignment instrument executed by the husband.

To the plea for correction of the notarial certificate, Greene and wife interposed the four-year statute of limitation; to which Cates interposed a plea to the effect that the statute had been tolled by reason of the fact that Cates had been absent from the state for the greater portion of the time between the date of the instrument and the filing of the plea seeking correction of the notarial certificate.

The case was tried to the court without a jury, and judgment was rendered in favor of Greene and wife, canceling the Cates lease and assignment, and awarding to them the rentals deposited by the Magnolia in the registry of the court. From this judgment Cates and his assigns have appealed.

■ We hold that the trial court's judgment is correct, except as to the rentals deposited in the registry of the court. The legal principles involved are well settled by adjudication in this state, and it will only be necessary to state them, and to refer to some of the leading cases and texts upon the several points involved.

■ The property being community, it could be sold by the husband alone, subject to the homestead rights of the wife. Such homestead rights constituted an estate in the property. Woods v. Alvarado State Bank, 118 Tex. 586, 19 S.W.2d 35. Neither this estate nor any of its incidents could be alienated by the husband alone, nor by the husband and wife jointly, unless the wife should acknowledge the conveyance in the manner prescribed by law.

■ The acknowledgment of the wife to the Cates lease and assignment was fatally defective in the stated omissions. If these formalities had in fact been complied with, the notarial certificate might be corrected in a judicial proceeding brought for that purpose. R.S. art. 6655.

■■ The four-year statute of limitation, Vernon's Ann.Civ.St. art. 5520, applies to such right of action. Veeder v. Gilmer, 103 Tex. 458, 129 S.W. 595. And, where the notarial certificate is fatally defective in so far as the wife is concerned, and is not corrected in the prescribed judicial proceeding, parol evidence is inadmissible to show that the instrument was in fact properly acknowledged by the wife. Absent either a notarial certificate showing the essentials necessary to the instrument's validity and a judicial proceeding correcting the certificate in that regard, the instrument is ineffective as passing any title or interest of the wife. Veeder v. Gilmer, supra.

██ Cates' absence from the state did not toll the statute. In the cross-action of Cates et al., seeking to correct the notarial certificate, Cates et al. occupied the position of plaintiffs.

"Our statute is unlike the English statute of James, and the statutes of some of the states, in that it contains no saving in favor of a plaintiff who is 'beyond seas,' or without the limits of the state. The saving in our statute is only as to the case of a defendant who is without the limits of the state. Consequently, the absence of the plaintiff from the state does not stay the running of the statute of limitations." 28 Tex.Jur. p. 230, § 130; and see authorities cited in notes 19 and 20.

The trial court's judgment is therefore correct in adjudging the Cates lease void, or at any rate voidable at the instance of the wife so long as her homestead rights in the property inhered.

██ The proposition that the lease was effectual as to the husband and would become operative whenever the homestead right terminated, and that therefore the trial court committed error in canceling the lease, is not tenable. This point was expressly ruled in Stallings v. Hullum, 89 Tex. 431, 35 S.W. 2. That case is on all fours in principle with that at bar; the only factual difference being that there the wife's signature to the instrument was procured by fraud. The trial court held the instrument ineffectual as to the wife's homestead and community interest in the property, but operative as a transfer of the husband's one-half interest therein as soon as the wife's homestead interest should cease. The Court of Civil Appeals affirmed this judgment. The Supreme Court set aside so much of the judgment as held the instrument operative as to the husband's one-half interest in the community, subject to the wife's homestead rights, and rendered judgment for the wife for the entire title to the land. In reaching this conclusion, the court recognized the validity of the conveyance as against the husband to the extent that, if not set aside by the wife, it would operate against the husband by estoppel after termination of the homestead rights. However, the instrument was held ineffectual and void in toto as to the wife, and subject to be set aside by her during the continuance of the homestead right or estate. This holding was predicated upon the proposition that the homestead right is not a mere privilege of possession and enjoyment, but extends to full dominion over the title to the property for the purposes of sale or exchange, to which dominion the conveyance of the husband constituted an impediment which the wife had the right to remove at any time during the existence of the homestead.

This brings us to a consideration of the status of the royalty and deferred rentals under the Cates lease.

██ It is now adjudicated that such royalties constitute an interest in land, are within the statute of frauds, and cannot be alienated other than by an instrument in writing; and are subject to the registration laws. Sheffield v. Hogg, 124 Tex. 290, 77 S.W.2d 1021, 80 S.W.2d 741. Whatever apparent contrary holdings may have appeared in prior decisions ceased to be authoritative upon the rendition of that decision. The latest expression of the Supreme Court upon this point is in the case of Tennant v. Dunn, Tex.Com.App., 110 S.W.2d 53, wherein the question was again carefully reviewed. It is true that, after the royalty interest in the oil has been severed from the land, it becomes personal property, but until such severance it constitutes an interest in the realty and is subject to the above rules.

██ Whatever view may be taken of the deferred rental payments, we think it clear that the obligation to pay such rentals in the future constitutes an incident of title. The rule is now settled that ordinary rentals for the use of real property follow the title to the property. In the absence of an express agreement, the grantee acquires the right to such rentals as accrue after the conveyance. Accrued rentals, of course, do not so pass. 27 Tex. Jur. p. 97, § 35. The same principle should apply to payments which the lessee in a mineral lease has the option of making in order to extend the exploratory period of the lease. Such optional right of extension constitutes a charge upon the mineral estate; and, where the owner of the fee and reversionary interest in the minerals conveys the entire title, his reversionary interest passes to his grantee. Caruthers v. Leonard, Tex.Com.App., 254 S.W. 779. Right to the deferred rentals would also pass with the deed, and this independently of whether, strictly speaking, these sums constitute rent in the general acceptation of that term. Complete enjoyment and dominion over the title as well as possession of the homestead property inhering in the

596

wife would, we hold, inhibit the husband alone from passing title to unaccrued deferred rentals so as to deprive the wife of the full benefits of a sale or exchange of the homestead property.

We therefore conclude that the trial court correctly canceled the Cates lease in its entirety in so far as it passed, or attempted to pass, any title to the minerals, or to future royalties or future deferred rentals. A recent well-considered case by the Circuit Court of Appeals for the Fifth Circuit (Evans v. Mills, 67 F.2d 840) is on all fours with the case at bar, and is in accord with the several above holdings. The opinion is cited with approval in Sheffield v. Hogg, supra.

The deferred rentals which accrued in June, 1935, prior to the institution of this suit, were clearly personal property, and, being community, were subject to disposal by the husband. The Cates lease and the division order effectually passed title to such rentals upon their accrual. Passing of such title had no effect whatever upon the wife's homestead interest. The right of the Magnolia to extend the lease had been fully exercised and the rentals due and tendered thereon were personal property belonging to the community estate.

In so far as the half interest in these rentals was adjudged to Greene and wife, the trial court's judgment is reversed, and judgment is here rendered in favor of appellants for such rentals. In all other respects, the judgment of the trial court is affirmed.

Reversed and rendered in part and in part affirmed.

On Appellants' Motion for Rehearing.

 We have reached the conclusion that we erred in not granting that portion of appellants' motion for rehearing seeking recovery of one-half of the deferred rentals accruing June 12, 1936. It appears from the trial court's judgment that the Magnolia had tendered this payment into the registry of the court prior to that judgment. The Magnolia had the right to obtain an extension of its lease for one year by paying the rental on or before June 12, 1936. Having exercised that option and deposited the money in the registry of the court, the lease was thereby automatically extended and the money so deposited was personal community property. It therefore passed to appellants under the assignment made by Selous Greene. In this connection,

we note that our original opinion states that the 1935 rentals accrued prior to the filing of the suit. This is inaccurate. The suit was filed by the Magnolia on May 30, 1935; but no pleadings of appellees or appellants were filed until June 12, 1936. The date of the filing of the suit is unimportant, as no rights of the wife had intervened prior to the date the money was deposited in the registry of the court and the rights of the Magnolia thereby became fixed.

Our former judgment is modified so as to award to appellants all rentals deposited in the registry of the court both for 1935 and 1936. In all other respects the motion is overruled.

Granted in part and in part overruled.