M. L. Clark et al. v. W. W. Thayer et al.

No. 1334. Decided June 23, 1904.

**Community Property—Nonresident.**

Without deciding whether the presumption that property acquired during marriage was community applied in case of its acquisition by residents of another State, the ruling of the Court of Civil Appeals that if such presumption existed it was here overthrown by the evidence is approved. (P. 145.)

Error to the Court of Civil Appeals for the First District, in an appeal from Harris County.

Clark and others, children of the first marriage of W. W. Thayer, deceased, sued Thayer and others, widow and children of the second marriage, for the recovery of land, and recovered judgment therefor. Defendants appealed and the judgment was reversed and cause remanded. Thayer v. Clark, 2 Texas Law Journal, 81; 77 S. W. Rep., 1056; 8 Texas Ct. Rep., 873. Appellees thereupon obtained writ of error.

*E. P. & Otis K. Hamblen*, for plaintiffs in error.—Under the laws of 1848, which were in force when Thayer and his wife married, as well as when the lands in controversy were acquired, the legal title to this land was vested in the community and did not rest upon presumptions. The community partnership held the legal title to said lands just as a commercial partnership would where the deed is made in the firm name. If the consideration paid for said land was advanced by either of the spouses, the legal title still remained in the community, impressed with a resulting trust or equitable claim in favor of the partner who advanced the consideration with which it was purchased. There was no shifting or changing of the legal title by presumption or proof; it remained

in the community, subject to the equities of the partner who advanced the consideration. Hart. Dig., arts. 2421, 2422; Ezell v. Dodson, 60 Texas, 332; Johnson v. Harrison, 48 Texas, 267; Brown Hardware Co. v. Marwitz, 10 Texas Civ. App., 458; Moore v. Moore, 28 Texas Civ. App., 600; Hirsch v. Howell, 60 S. W. Rep., 888.

The court erred in its conclusions, which are stated as follows: "Even if the sum had been jointly owned by them in undivided interest, these interests would not have been community, but the separate property of each. If, then, the husband invested such sum ih Texas land, a trust equal to an undivided half interest would have resulted to her separate use."

The court erred by holding in effect that as plaintiffs had failed to show that this land was purchased with community funds, or by the separate funds of their mother, that it became the separate property of W. W. Thayer. Love v. Robertson, 7 Texas, 11; Huston v. Curl, 8 Texas, 239; Edrington v. Mayfield, 5 Texas, 368; Chapman v. Allen, 15 Texas, 278; Mitchell v. Marr, 26 Texas, 230; Osborn v. Osborn, 62 Texas, 495; Schmeltz v. Gary, 49 Texas, 49.

The court erred in its conclusion as follows: "It was not shown by any direct proof by what title the husband held the money by which the land was bought, but the fact that under the laws of New York the wife could hold property in her own name, and did so hold valuable estate, renders it improbable that the moneys with which these lands were acquired were hers to any extent or in any sense."

The court erred in the following conclusions: "One of the presumptions indulged under the laws of Texas adds strength to this conclusion. We speak of the presumption that all property held during marriage was acquired during marriage, and by the joint effort of the marital partners. Here we have a husband making a purchase during marriage. There is no proof of how or where he procured the money with which the purchase was made. The presumption is it was earned by him or them during marriage. If this be true, then it was his separate funds, for the laws of his State declare it to be his." The court arriving at this conclusion based its presumption upon presumptions, and not upon any fact either proved or admitted, which is contrary to the rules of evidence, as well established.

The court erred in reversing the judgment of the lower court and in not affirming it, as the deed put the title in the community estate, and there was no evidence tending to show that it was in trust for the husband.

The land in controversy having been acquired during marriage by onerous title, the right thereto vested in the community. Parker v. Coop, 60 Texas, 111; Brown Hardware Co. v. Marwitz, 10 Texas Civ. App., 458; Hirsch v. Howell, 60 S. W. Rep., 888.

Associate Justice Gould, Chief Justice Roberts concurring, in Yancey

v. Batte, 48 Texas, 46, and in Johnson v. Harrison, 48 Texas, 257, so construed the law.

The same court in Zimpleman v. Robb, 53 Texas, 274, held: "The titles of the husband and wife to the community property are equal; the legal effect of the deed to the husband alone to community property is to make it a deed to the community itself," following Chief Justice Hemphill in Wright v. Hays, 10 Texas, 30: "Their rights (husband and wife) of property in the effects of the community are perfectly equivalent to each other." Ezell v. Dodson, 60 Texas, 332; Kellett v. Trice, 95 Texas, 160.

The Court of Civil Appeals was incorrect in assuming "That the money with which the purchase was made was earned by the husband, or wife, during marriage, and that thereby it became his separate fund under the laws of New York," for there was no sufficient evidence to sustain such a conclusion.

"The presumption that property purchased during the marriage was community property would certainly be very cogent, and would require to be repelled by clear and conclusive proof." Love v. Robertson, 7 Texas, 6. "Whilst it is not necessary that it should be established beyond a reasonable doubt, nothing must be left to conjecture, nor must presumptions be indulged which are not the usual and almost necessary deductions from the facts proved." King v. Gilleland, 60 Texas, 271. "It is well settled in this State that in the absence of proof our courts will presume the law of another State to be the same as our own." Tempel v. Dodge, 89 Texas, 69. And to the same point Blethen v. Bonner, 93 Texas, 143; James v. James, 81 Texas, 373, and Bradshaw v. Mayfield, 18 Texas, 22.

The court should not have inferred that because the proof tended to show that the wife had no separate right in her earnings, such earnings became the separate property of the husband, and in doing so, we respectfully submit, disregarded the well established rule in this State, and reached its conclusions by basing its presumption upon other presumptions, and not upon proven facts.

*Baker, Botts, Baker & Lovett,* for defendant in error.—It may be stated as a general rule that in the absence of a nuptial contract, and where there has been no change of domicile, the rights of husband and wife to real and personal property owned by them at the time of the marriage, or subsequently acquired during coverture, wherever situate, are fixed and determined by the laws of the matrimonial domicile. Story's Conflict of Laws, secs. 137, 141, 145, 146, 149-154, 176-186; Rodgers on Dom. Rel., sec. 316; Speer's Law of Marr. Wom., sec. 27; Ballinger on Com. Prop., sec. 47.

If the marriage takes place in another State, where the common law prevails, and the parties never lived in Texas, where the law of community property is recognized, the property rights of the parties, including their rights to real and personal property acquired in Texas,

must be governed by the laws of the State of their domicile, and not by the laws of Texas. Rodgers on Dom. Rel., sec. 316; Speer's Law of Marr. Wom., sec. 27; Ballinger on Com. Prop., sec. 47; Oliver v. Robertson, 41 Texas, 422; McDaniel v. Harley, 42 S. W. Rep., 323; Blethen v. Bonner, 52 S. W. Rep., 571, 53 S. W. Rep., 1016, 71 S. W. Rep., 290; Duke v. Reed, 64 Texas, 705; Franklin v. Piper, 5 Texas Civ. App., 253; McIntire v. Chappell, 4 Texas, 187; State v. Barrow, 14 Texas, 180; Chappell v. McIntyre, 9 Texas, 161; Hall v. Harris, 11 Texas, 300; Hill v. Townsend, 24 Texas, 575; Nimmo v. Davis, 7 Texas, 26; Vardeman v. Lawson, 17 Texas, 11; Powell v. De Blanc, 23 Texas, 66; Hawkins v. Lee, 22 Texas, 544; Keyser v. Pilgrim, 25 Texas Supp., 217; Kraemer v. Kraemer, 52 Cal., 302; Shumway v. Leakey, 67 Cal., 458; Penny v. Western, 4 Rob., 165; Succession of Packwood, 9 Rob., 438, 12 Rob., 334; Freeburger v. Gazzan, 5 Wash., 772; Armorer v. Case, 9 La. An., 288; Connor v. Connor, 10 La. An., 440; Connor v. Connor, 59 U. S., 591.

GAINES, CHIEF JUSTICE.—This is a reversed and remanded case. In order to give us jurisdiction the plaintiffs in error stated in their petition for the writ of error that the judgment of the Court of Civil Appeals practically settled the case. Being of the opinion that the decision of that court did practically settle the title of the parties to the lands in controversy, provided the plaintiffs in error could adduce no better evidence, we granted the writ. After considering the evidence we are of the opinion that the Court of Civil Appeals reached the correct conclusion—namely, that if the presumption obtained that the lands in controversy were the community property of the first marriage, that presumption was overthrown by the evidence which was adduced by defendants in error.

Whether when, as was shown in this case, at the time the property was acquired the husband and wife resided in another State where the community law does not exist, it should be held that the presumption that the acquisition is common property should apply, is a question not decided by the Court of Civil Appeals, and we do not pass upon it. Its determination is not necessary to the decision of this case.

Since we find no error in the judgment of the Court of Civil Appeals, it becomes our duty to affirm that judgment in so far as it reverses the judgment of the trial court and to here render judgment to the effect that the lands in controversy were the separate property of W. W. Thayer, Sr., in his lifetime and at the time of his death, and remanding the case for the partition among the parties upon that basis.

It is accordingly so ordered.