**Hulett J. BICE, Appellant,**

v.

**ESTATE of Sarah Wilson BICE et al.,**
**Appellees.**

**No. 3127.**

Court of Civil Appeals of Texas.

Eastland.

Dec. 3, 1954.

Rehearing Denied Jan. 7, 1955.

Singleton & Trulove, Amarillo, for appellant.

Ritchie, Creighton & Gault, Mineral Wells, for appellees.

LONG, Justice.

This is a suit by Hulett J. Bice against Carrie S. Loflin, Elouise Gilbert as independent executrices under the will of Sarah Wilson Bice, deceased, for specific performance of an alleged contract between Sarah Wilson Bice and H. J. Bice to convey him a one-half interest in the minerals to a section of land in Gaines County, Texas, "or its mineral equivalent either in direct or overriding royalty." Plaintiff also joined in the suit F. L. Bice, surviving husband of Sarah Wilson Bice and certain devisees of an interest in the land under the will of Sarah Wilson Bice. Defendants plead the statute of frauds, Vernon's Ann.Civ.St. art. 3995, in bar to the cause of action alleged and also coverture of Mrs. Bice. All of defendants except F. L. Bice filed a motion for a summary judgment. After a hearing the court sustained the motion and rendered judgment for defendants. H. J. Bice has appealed.

Plaintiff relied upon the following instrument in writing as a basis for recovery:

"Jan 16 – 1952

"H. J. Bice – Amarillo Texas

"In our conversation yesterday evening I promised to wire you this morning but will just write. When you send me statement from Mr. Singleton saying I owe him nothing, mail me my abstracts he now has in his possession. Make me a release to the oil and Gas lease you had on sec. 2—Block C 31, Gaines County school land, which you promised to make for me some time ago.

"Get the proper information from Phillips Petroleum Co. that everything in connection with your suit at law with them is settled with them. Then I will go ahead with the royalty deal. I will give you until Jan 25 to do this.

Yours

Sarah Wilson Bice."

Plaintiff alleged that the "royalty deal" referred to in this instrument was an agreement made with him by which Mrs. Bice would convey to him an undivided one-half interest in the minerals in Sec. 4, P.S.L. in Gaines County or its mineral equivalent either in direct or overriding royalty in return for which plaintiff was to do the things set out in said instrument. Plaintiff further alleged he had fully complied with the requirements set forth therein.

■ Defendants alleged in their motion for a summary judgment that the written instrument upon which plaintiff relies for recovery is insufficient to overcome the defense of the statute of frauds in that it does not describe sufficiently the land sought to be affected; that the land involved was the separate property of Sarah Wilson Bice and that she was at the time a married woman and was not joined therein by her husband, F. L. Bice; that there was no genuine issue of fact existing between the parties. It was conclusively established upon the hearing of the summary judgment that the land involved was the separate property of Mrs. Bice and that at the time of the execution of the written instrument she was the wife of F. L. Bice. The only power conferred by our law upon a married woman to convey her separate property is contained in Article 1299, Vernon's Annotated Civil Statutes, which requires the joinder of the husband in conveyances by her of such property. This being true, we hold that it is mandatory that the husband shall join in the conveyance of the separate property of his wife. Therefore, the written instrument relied upon as a basis for recovery herein cannot be specifically enforced because F. L. Bice, the husband of Sarah Wilson Bice, did not join her in its execution.

■ It will be noted that the written instrument does not attempt in any way to describe the land involved. We hold the instrument is insufficient to take the contract alleged out of the statute of frauds because it wholly fails to describe the land. Francis v. Thomas, 129 Tex. 579, 106 S.W. 2d 257; Smith v. Sorelle, 126 Tex. 353, 87 S.W.2d 703.

■ Upon a hearing of the motion for summary judgment plaintiff attempted to show that there were issues of fact existing between the parties by his own testimony. Practically all of his testimony deals with conversations and transactions with the deceased, Sarah Wilson Bice. This evidence was properly excluded by the trial court because it violates what is known as our "dead man's statute," Article 3716, Vernon's Annotated Revised Civil Statutes. No complaint is made here of the action of the trial court in this respect.

We have carefully examined this record and have failed to find any genuine issue of fact existing between the parties. As has been stated, plaintiff relies upon the written instrument set out above. This instrument comes within the statute of frauds because it contains no description of the land sufficient to meet the requirements of the law. The property in question was the separate property of Mrs. Bice and she was not joined in the execution of the instrument by her husband, F. L. Bice. Although plaintiff asked for damages in his petition, there was no basis either in the pleadings or the evidence for a recovery thereof. It is our opinion the trial court properly granted the motion for a summary judgment.

The judgment is affirmed.