Cittie M. WILKINS et al., Appellants,

v.

Mrs. Dorothy McCLISTER et al., Appellees.

No. 15836.

Court of Civil Appeals of Texas.

Fort Worth.

July 12, 1957.

John L. Sullivan, Denton, for appellants.

Coleman & Whitten, Earl L. Coleman and Gerald E. Stockard, Denton, for appellees.

RENFRO, Justice.

This is a suit for partition of lands. J. O. McClister, Sr., and wife Jennie C. were common source of title.

J. O. McClister, Sr., died intestate in 1937. He left surviving him his wife Jennie C., and three children, to-wit, Cittie M. Wilkins, J. O. McClister, Jr., and W. W. McClister.

On July 1, 1941, Jennie C. McClister, J. O. McClister, Jr., and Cittie M. Wilkins conveyed to W. W. McClister all their right, title, interest, claim and estate in certain property, designated by all parties to this appeal as "Third Tract".

Jennie C. McClister died intestate in 1943.

Thereafter, on August 27, 1943, J. O. McClister, Jr., and Cittie M. Wilkins, for a recited $10 and other valuable considerations, conveyed First Tract to W. W. McClister, and on July 12, 1946, the same grantors conveyed to the same grantee Second Tract for a like consideration.

W. W. McClister died intestate in 1953, leaving his widow Dorothy, whom he had married in 1935. He had no children.

Dorothy McClister, in January, 1956, conveyed the Third Tract to C. M. and Leona Patton.

Cittie M. Wilkins and J. O. McClister, Jr., brought suit against Dorothy McClister and the Pattons. It was alleged that W. W. McClister received the Third

Tract during the lifetime of Jennie C. Mc-Clister as part of voluntary partition proceedings of the community property of J. O. McClister, Sr., and Jennie C., and it became the separate property of W. W. McClister; that upon the death of W. W. McClister, plaintiffs became vested with a one-fourth interest each in the Third Tract under the laws of descent and distribution.

Plaintiffs alleged that after the death of Jennie C. McClister, in further partition proceedings, First and Second Tracts were conveyed to W. W. McClister by Cittie M. Wilkins and J. O. McClister, Jr. It was alleged that at the time the deeds to the First and Second Tracts were executed, W. W. McClister already owned an undivided one-third interest in such tracts; that upon his death, intestate, his surviving wife Dorothy was vested, under the laws of descent and distribution, with an undivided one-half interest in the tracts, and plaintiffs became vested with an undivided one-fourth interest each.

Defendant Dorothy McClister answered that all three tracts of land were purchased with community funds and became community property of herself and W. W. McClister.

After trial without a jury, the court entered judgment which decreed Dorothy McClister to be sole owner of the First and Second Tracts, and found that, as of the date Third Tract was sold to the Pattons, plaintiffs were owners of a ¹⁄₂₄th interest each in said tract, and were awarded judgment for $166.66 each, said amount being, according to the judgment, a ¹⁄₂₄th interest each in the sum of $4,000, which the court found to be the value of Third Tract.

Plaintiffs' points of error attack in various forms the failure of the court to find that the three tracts of land, or a part interest therein, were the separate property of W. W. McClister.

The defendant Dorothy McClister, by counter-point, contends the court was cor-rect in failing to hold all three tracts were separate property of W. W. McClister because the plaintiffs failed to overcome the presumption of community property.

Plaintiffs offered evidence that both before and after the death of Jennie C. McClister the parties executed various partition agreements, and that W. W. McClister received several thousand dollars in cash.

Plaintiffs called defendant Dorothy McClister as a witness. She testified she did not know whether or not W. W. McClister paid any consideration for Tracts First and Second. She knew what the deed said. She knew she and her husband were charged $400 for Third Tract. She and her husband used the "partition" money for living and farming expenses. She and her husband both were working and farming on the dates the deeds were executed. In 1941 and for sometime following, she and her husband were in the garage business and "it surely was" a profitable business. Before entering the garage business both worked at the North American plant and saved money and bonds. If any money was received from the estate after 1941 it was kept in a common bank account with money from their business and earnings.

Plaintiffs proved that warranty deeds to other heirs of J. O. McClister, Sr., and Jennie C. McClister were executed on dates in proximity to the deeds in question.

Defendant Dorothy McClister testified she had cancelled checks made by W. W. McClister to the estate but they were in Oklahoma. She did not remember the dates or the amounts thereof.

Article 4619, Sec. 1, Vernon's Ann.Civ.St., provides that all property acquired by either husband or wife during marriage, except that which is separate property of either, shall be deemed the common property of the husband and wife, and all the effects which the husband and wife possess at the time the marriage may be dissolved shall be regarded as common effects or gains unless the contrary be satisfactorily proved.

■ The land here involved was acquired by W. W. McClister by warranty deeds, with recited considerations, while he was married to Dorothy. Thus, it is presumptively community property. Clark v. Thayer, 98 Tex. 142, 81 S.W. 1274; Wideman v. Coleman, Tex.Com.App., 17 S.W.2d 786. While the presumption is not conclusive, the burden of proof rested on plaintiffs to prove that it was the separate property of W. W. McClister. Finley v. Pafford, Tex.Civ.App., 104 S.W.2d 163. The judgment of the trial court upholds the contention that the property was community property, except as to a small interest in the Third Tract, of W. W. and Dorothy McClister. Since no findings of fact were requested or filed, it must be presumed the court resolved in defendants' favor every issue of fact raised by the evidence, and we must view the evidence in the light most favorable to these findings. North East Texas Motor Lines v. Dickson, Tex., 219 S.W.2d 795.

■ The deeds recited an onerous consideration. The presumption that it is community property must be sustained unless proof is offered and shown to the contrary. Janes v. Gulf Production Co., Tex.Civ.App., 15 S.W.2d 1102. The burden to prove it to be separate property was on plaintiffs. Harkness v. McQueen, Tex.Civ.App., 232 S.W.2d 629. A careful consideration of the record convinces us the evidence offered did not compel the trial court to find that the presumption of community property had been overcome as to the interest conveyed.

It is undisputed, however, that W. W. McClister, upon the death of his father in 1937, inherited an undivided one-sixth interest in all three tracts. Upon the death of his mother in 1943, he inherited another undivided one-sixth interest in the First and Second Tracts.

■ As shown above, W. W. McClister's mother was a grantor in the deed conveying the Third Tract, thus, he inherited no interest from her in the Third Tract. Although plaintiffs alleged the court erred in his judgment concerning the payment to them of their interest in the Third Tract, we think the judgment protects their interest and so affirm the judgment as to the Third Tract.

■ By inheritance from both parents, W. W. McClister owned as his separate property an undivided one-third interest in First and Second Tracts. He never divested himself of this interest. Such interest never became community property. Plaintiffs were never possessed of or had any claim to said interest owned by W. W. McClister. When W. W. McClister died intestate and childless, his surviving widow, defendant herein, became vested, under the provisions of Article 2571, subd. 2, Vernon's Ann.Civ.St., with title to an undivided one-half interest in said one-third interest, and plaintiffs, W. W. McClister's brother and sister, became vested with the other one-half of such one-third undivided interest.

The court therefore erred in decreeing that plaintiffs had no interest in First and Second Tracts. The judgment is reformed to vest an undivided one-twelfth interest each in First and Second Tracts in Cittie M. Wilkins and J. O. McClister, Jr., and to vest all remaining interest in said First and Second Tracts in Dorothy McClister.

Plaintiffs allege error on the part of the court in excluding certain evidence. Reversible error is not shown, and the point is overruled.

The judgment of the trial court is affirmed as to Third Tract. The judgment is reformed as indicated as to First and Second Tracts. The cause is remanded to the trial court with directions to the court to direct a partition of First and Second Tracts in accordance with Rule 761 et seq., Texas Rules of Civil Procedure.

Reformed in part and, as reformed, affirmed with directions.