**Florence HALL et al., Appellants,**

v.

**Emma Sue Powell TUCKER et al., Appellees.**

**No. 4120.**

Court of Civil Appeals of Texas.

Eastland.

April 14, 1967.

Rehearing Denied May 5, 1967.

Stubbeman, McRae, Sealy & Laughlin, W. B. Browder, Jr., and F. H. Pannill, Midland, for appellants.

Turpin, Smith, Dyer, Hardie & Harman, Irby L. Dyer and Robert L. Woodward, Midland, Hudson & Archer, Monahans, for appellees.

WALTER, Justice.

Florence Hall, individually, and with Merle J. Stewart, as independent executors of the estate of G. T. Hall, deceased, and others filed suit against Jimmie L. Powell, a widow, and others in trespass to try title to all of Section 144, Block 34, H. & T. C. R. R. Co. Survey in Ward County. The plaintiffs claimed record title and title under the three, five, ten and twenty-five year statutes of limitation.

In a non jury trial, judgment was rendered in favor of the plaintiffs for $^{13}\!/_{24}$ths interest in the property and against plaintiffs as to $^{11}\!/_{24}$ths. The plaintiffs have appealed. They contend the court erred in rendering a take nothing judgment against them as to a $^{11}\!/_{24}$ths interest because appellees failed to prove that the land was the separate property of W. E. Powell and J. A. Powell; because they failed to prove that appellants had any knowledge that it was the separate property of W. E. or J. A. Powell and because J. V. Cline, as a purchaser without notice of the outstanding title, cut off all other claims to the property. Appellants also contend the court erred in sustaining appellees' motion to strike the deed from Emma Sue Powell Tucker to J. V. Cline.

We find there is some evidence of probative force to support the court's implied finding that the property was the separate property of W. E. and J. A. Powell.

No findings of fact or conclusions of law were requested by appellants. "It is elementary that when the appellant contests the trial court's judgment without requesting findings of fact or conclusions of law, we must assume that the trial court's findings were all in support of its judgment; and the judgment must be affirmed if there is any evidence of probative force to support it upon any theory authorized by law." City of Abilene v. Meek, 311 S.W.2d 654, (Ct.Civ.Apps.1958, writ ref.).

W. E. and J. A. Powell were residents of the State of Mississippi when they acquired the property on January 30, 1915. A licensed and practicing attorney from Mississippi testified that Mississippi was not a community property State but followed the common law, except as modified by statute, that property acquired in the name of the husband is presumed to be his separate property. The record contains some evidence of probative value that the Powells each paid $500.00 for the property. W. E. Powell procured his part of the purchase price by farming, land sales and borrowing from the bank. J. A. Powell had the "cash on hand." The record also contains some evidence that the wives of W. E. and J. A. Powell had no separate property and did not contribute any money in purchasing said property.

▆ The property was presumed to be the community property of W. E. and J. A. Powell when they acquired it in 1915. Article 4619, Vernon's Ann.Civ.St. This presumption was rebutted and the disputed issue was decided in favor of appellees. In Thayer v. Clarke, 77 S.W. 1050, CCA 1903, affirmed by Supreme Court 98 Tex. 142, 81 S.W. 1274 (1904) the court said:

"One of the presumptions indulged under the laws of Texas adds strength to this conclusion. We speak of the presumption that all property held during marriage was acquired during marriage, and by the joint effort of the marital partners. Here we have a husband making a pur-

chase during marriage. There is no proof of how or where he procured the money with which the purchase was made. The presumption is it was earned by him or them during marriage. If this is true, then it was his separate funds, for the laws of his state declare it to be his. That the property, if purchased with his separate funds, became his separate property, is conceded, and the doctrine announced in Blethen v. Bonner, 93 Tex. 141, 53 S.W. 1016, and Oliver v. Robertson, 41 Tex. 422, is not assailed, and in each of them real estate bought in Texas with funds acquired in a common-law state during marriage were adjudged the separate property of the husband."

In Orr v. Pope, 400 S.W.2d 614, (CCA 1966, no writ history), the court said:

"We have concluded the judgment of the trial court should be affirmed. In the first place, it is the law of this state that where a husband acquired real property situated in Texas while he resides in a common law state, the real property is the separate property of the husband."

W. E. and J. A. Powell acquired the property in 1915. They died intestate and without children and their widows conveyed the property to Emma Sue Powell Tucker by quitclaim deed of April 26th, 1937 and by correction quitclaim. The quitclaim and the correction quitclaim contained the following:

"IN CONSIDERATION of Ten Dollars cash in hand paid, the receipt of which is hereby acknowledged, and the assumption and payment by the grantee herein of any and all taxes and liens on the lands herein described, we, the undersigned, bargain, sell and quitclaim unto EMMA SUE POWELL TUCKER of Lafayette County, Mississippi, all our right, title, and interest, as heirs at law of J. A. Powell, deceased, of Pontotoc County, Mississippi, and W. E. Powell, deceased, of Lafayette County, Mississippi, in and to the follow-

ing described lands in Ward County, Texas, to-wit:

Section No. 144, Block No. 34, H. & T. C. R. R. Co. Survey."

Mrs. Tucker and husband conveyed to J. V. Cline May 3, 1937 by deed which contained the following:

"This instrument is intended to convey only such interest in said land as is vested in the undersigned, is without warranty, and the purchase— is to assume and pay all liens on said lands."

■ Appellants contend there is no evidence that J. V. Cline had any knowledge that the property was other than the community property of W. E. Powell and his wife, Fannie Powell, and J. A. Powell and his wife, Docia Powell. Appellants say the court erred in rendering judgment against them because appellees failed to prove appellants had knowledge that it was the separate property of W. E. and J. A. Powell. Appellees contend that J. V. Cline was not a bona fide purchaser for value without notice of appellees' ownership because J. V. Cline is shown to claim his title under two quitclaims.

We hold that the authorities support appellees' contention. In Woodward v. Ortiz, 150 Tex. 75, 237 S.W.2d 286, (1951), the court said:

"This deed contained no covenant of warranty. The deed to Ortiz does not purport to convey the land; it conveys only such title as the grantors and the other parties named had in the land and is therefore nothing more than a quitclaim deed. 14 Tex.Jur. 763, sec. 13. He cannot enjoy the protection afforded a bona fide purchaser; he takes with notice of all defects in the title and equities of third persons. Simonds v. Stanolind Oil & Gas Co., 134 Tex. 332, 114 S.W.2d 226, 234, 136 S.W.2d 207; Cook v. Smith, 107 Tex. 119, 174 S.W. 1094, 3 A.L.R. 940; Threadgill v. Bickerstaff, 87 Tex. 520, 29 S.W. 757; 43 Tex.Jur. 624, sec. 370."

In Houston Oil Co. of Texas v. Niles, 255 S.W. 604, (Com.Apps.1923), the court said:

"While expressions in some of these cases might indicate that the holder under such quitclaim deed is put merely upon inquiry, we are clear in the view that the decisions cited fairly establish the proposition that the holder of a title in which there appears, however remote, a quitclaim deed is prevented from asserting the defense of innocent purchaser as against an outstanding title or secret trust or equity existing at the time the quitclaim deed was executed."

■ Appellants introduced in evidence a warranty deed dated April 27, 1937, from Mrs. Emma Sue Powell Tucker to J. V. Cline to said Section 144. It was admitted in evidence but after it was established that Mrs. Tucker was married on April 27, 1937, and that she was not joined in the deed by her husband and it did not have a married woman's acknowledgment, the court sustained a motion to strike the deed. The appellants then introduced in evidence a quitclaim deed dated May 3, 1937 from Mrs. Tucker to Cline conveying the same property in which deed Mrs. Tucker was properly joined by her husband, J. A. Tucker, and proper acknowledgments were taken. Appellants contend that because the court refused to admit in evidence Mrs. Tucker's deed in which she was not joined by her husband, they were deprived of a valuable right to assert their rights under the full warranties contained in the deed.

Mrs. Tucker was a resident of Mississippi at the time she acquired the property by quitclaim deed. There is evidence in the record that Mississippi is not a community property state but that it is a separate property state; that there is a presumption in said state that property taken in the name of the husband or wife is the separate property of that person and that a conveyance to the wife in which she assumes an obligation to pay taxes or an indebtedness against land, the obligation becomes her separate

liability. In Bice v. Estate of Bice, 274 S.W.2d 152, (CCA 1954, no writ history), the court said:

"It was conclusively established upon the hearing of the summary judgment that the land involved was the separate property of Mrs. Bice and that at the time of the execution of the written instrument she was the wife of F. L. Bice. The only power conferred by our law upon a married woman to convey her separate property is contained in Article 1299, Vernon's Annotated Civil Statutes, which requires the joinder of the husband in conveyances by her of such property. This being true, we hold that it is mandatory that the husband shall join in the conveyance of the separate property of his wife. Therefore, the written instrument relied upon as a basis for recovery herein cannot be specifically enforced because F. L. Bice, the husband of Sarah Wilson Bice, did not join her in its execution."

In Humble Oil & Refining Company v. Downey, 143 Tex. 171, 183 S.W.2d 426, (Sup.Ct.) 1944, the court said:

"Under all the decisions of this Court on the question, the separate acknowledgment of a married woman in the manner and form required by Articles 6605 and 6608 of our Civil Statutes of 1925 is absolutely essential to the validity of any instrument conveying her separate lands in this State. Noncompliance with such statutes renders the instrument an absolute nullity. Johnson v. Bryan, 62 Tex. 623; Veeder v. Gilmer, 103 Tex. 458, 129 S.W. 595; 23 Tex.Jur., p. 277; 1 Tex.Jur., p. 519, and authorities there cited."

We have concluded that the land involved herein was the separate property of W. E. and J. A. Powell and at their deaths one-half interest passed to their widows and the other one-half vested in the surviving brothers and their descendants.

We have considered all of appellants' points and find no merit in them. The judgment is affirmed.