**Roy B. RILEY et al., Appellants,**

**v.**

**Jane Holcomb BROWN et vir, Appellees.**

**No. 472.**

Court of Civil Appeals of Texas, Tyler.

March 19, 1970.

Sallas, Griffith & Meriwether, Joe E. Griffith, Crockett, for appellants.

John B. McDonald and A. D. Henderson, Palestine, for appellees.

McKAY, Justice.

This is an appeal from a summary judgment.

Appellee Jane Holcomb Brown and appellant W. H. Holcomb, Jr., were married in 1948. Appellant Holcomb in 1959 entered into a contract of sale and purchase with the Veterans' Land Board of Texas for 173.28 acres of land in Houston County, Texas. In 1965, appellee and appellant Holcomb were divorced. In the previous divorce judgment, the trial court found the 173.28 acres of land was community property, and awarded an undivided one-half (½) interest in same to each party. Appellant Holcomb continued to make payments to the Veterans' Land Board until June, 1966, when he, by an "Assignment of Contract of Veterans' Land Board Contract of Sale and Purchase," assigned to appellant Riley his interest in the land with this language:

"* * * does hereby assign, transfer and convey unto the said Assignee the above referenced Contract of Sale and Purchase and all of the right, title and interest of the said Assignor in and to the tract of land * * *."

Appellant Riley did not pay any money to appellant Holcomb for the assignment, and Holcomb executed the assignment because he could no longer make the payments and wanted to preserve his credit rating so as to not lose his job.

Appellant Holcomb was in the military service of the United States before he was married to appellee.

Appellee Jane Holcomb Brown joined by her husband, A. B. Brown, filed this suit against appellants, Roy B. Riley and W. H. Holcomb, Jr., and the Veterans' Land Board of Texas, which agency was the holder of the legal title to the land involved here. Appellee alleged she was the owner of a one-half interest in the equitable title to the land, that the assignment to Riley was without consideration, and that Riley was not a bona fide nor innocent purchaser. Appellee asked for sale of the land as under execution alleging she was entitled to partition and the land could not be partitioned in kind; that after such sale under execution, the indebtedness to the Veterans' Land Board be paid and the proceeds remaining be divided one-half to appellee and one-half to appellant Riley. Appellee had alternative pleas for (1) appointment of a receiver to sell the land; (2) cancellation and recision of assignment to Riley as being null and void; and (3) damages against appellant W. H. Holcomb, Jr.

Appellants' pleading alleged that the rights, privileges and benefits that appellant Holcomb secured were granted by Article III, Section 49–b of the Constitution of Texas, Vernon's Ann.St., to a veteran as his separate property, and that under the provisions of the Constitution and Article 5421m, V.A.T.S., the land in question was the separate property of appellant Holcomb.

Appellee filed her motion for summary judgment alleging that there was no genuine material issue of fact; that appellants' claim that land was separate property of appellant Holcomb was a collateral attack upon the divorce judgment; and that as a matter of law, appellant Riley fails to qualify as a bona fide purchaser without notice for valuable consideration. Appellee's affidavit was attached to her motion setting out the facts of her marriage and divorce and that she had never sold or assigned or conveyed her interest in the land.

Each appellant filed his affidavit in opposition to appellees' motion for summary judgment stating that they never discussed any claim or demand appellee might make against the property or any interest she might have, and appellant Riley additionally stated he assumed the obligation under the contract in good faith and had performed the obligations thereunder.

The trial court granted appellees' motion for summary judgment and appellants appeal on two points.

■ Appellees filed a motion to dismiss the appeal on the ground this court does not have jurisdiction because the trial court's judgment does not dispose of all the issues

as to all the parties. Appellees' pleading asked for damages against appellant W. H. Holcomb, Jr., as an alternative plea. The court granted appellee's motion for summary judgment on her primary ground alleged for recovery, one of the grounds asked for in her motion, and her alternative plea for damages never became an issue before the court and is therefore not a pending issue undisposed of. The court's judgment denied all relief not expressly granted. There were no issues or parties which were not disposed of by the court; therefore, the motion to dismiss is overruled.

■ Appellants' first point is that summary judgment was improperly granted because a material fact existed whether appellant Riley might have been a bona fide purchaser of the property involved here. Rule 166–A, T.R.C.P., provides that summary judgment shall be rendered if it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. The evidence must be viewed in the light most favorable to the party opposing the motion. Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Tex.Sup., 1965), and cases cited.

Appellant Riley's affidavit says he assumed his obligation under the contract in good faith and had performed the obligations thereunder. We must examine the instrument by which appellant Riley became assignee of the contract appellant Holcomb had executed with the Veterans' Land Board to determine whether Riley, as a matter of law, could be a bona fide purchaser. As pointed out above, the assignment to Riley by Holcomb had the language:

" * * * does hereby assign, transfer and convey unto the said Assignee the above referenced Contract of Sale and Purchase and all of the right, title and interest of the said Assignor in and to the tract of land * * *."

There is no other language indicating the instrument is other than what the above-quoted portion shows it to be. Therefore, the character of the instrument must be determined from the quoted portion.

■ We hold as a matter of law that appellant Riley took the assignment with notice of the claim of appellee because of the nature of the assignment. The instrument is, in effect, a quitclaim deed. It does not convey the land but conveys only "the right, title and interest" of the assignor. In Williams v. Rabb, 161 S.W.2d 121, 124 (Tex.Civ.App., Texarkana, 1942, err. ref.), it was stated:

"It is well settled that a quitclaim or deed which purports to convey no more than the title of the grantor, such as it may be, as distinguishable from the conveyance of the land itself, will not sustain the defense of an innocent purchaser."

In Cook v. Smith, 107 Tex. 119, 174 S.W. 1094, 1095, 3 A.L.R. 940, (1915), our Supreme Court said:

"The character of an instrument, as constituting a deed to land or merely a quitclaim deed, is to be determined according to whether it assumes to convey the property described and upon its face has that effect, or merely professes to convey the grantor's title to the property. If, according to the face of the instrument, its operation is to convey the property itself, it is a deed. If, on the other hand, it purports to convey no more than the title of the grantor, it is only a quitclaim deed."

Williams v. Rabb, supra; City of Dallas v. Leake, 300 S.W.2d 135 (Tex.Civ.App., Dallas, 1957, ref. n. r. e.); Hall v. Tucker, 414 S.W.2d 766 (Tex.Civ.App., Eastland, 1967, ref., n. r. e.). Appellants' first point is overruled.

The second point presented by appellants is that the property in question was the separate property of appellant W. H. Holcomb, Jr., and the trial court was without jurisdiction to divest him (or his assignee) of his interest by judgment in the divorce case in Cause No. 13882 in 1965. The contention that the land was the separate property of appellant Holcomb is founded on his status as a veteran, having served in the armed forces of the United States, and further that his contract to buy the land from the Veterans' Land Board was the exercise of a "right" granted by the State as a reward for military service and "to supplant the land bounties of earlier periods," and that such "right" accrued before his marriage even though not exercised until after marriage. Appellee asserts this is a collateral attack upon the divorce judgment of 1965, and is prohibited. This is correct unless the 1965 judgment of divorce is void insofar as it holds the land in question to be community property.

There have been rewards to fighting men throughout history, and many times these rewards have been made by land grants. When Texas was a republic, it granted land to all who had served in its military forces, and after the Civil War, when Confederate soldiers were ineligible for federal pensions, Texas again provided land for its veterans. It has been held that where donations or grants made to those who participated in the battle of San Jacinto by the act of December 31, 1836, were not in discharge of any legal obligation, but were a gratuitous bounty, extended by the republic in grateful recognition for services which had already been rendered, they were the separate property of the grantee. Nixon v. Wichita Land and Cattle Co., 84 Tex. 408, 19 S.W. 560 (1892); Ames v. Hubby, 49 Tex. 705. If, in this case, appellant Holcomb had accrued to him a "right" in the property before marriage, even though he did not exercise it until after marriage, it would, nevertheless, be his separate property. Parker v. Newberry, 83 Tex. 428, 18 S.W. 815 (1892).

We hold that the land in question was not the separate property of appellant Holcomb, and therefore, that portion of the judgment of divorce finding the land to be community property is not void and not subject to collateral attack. Callaway v. Elliott, 396 S.W.2d 242 (Tex.Civ.App., Tyler, 1965, err. dism). The Constitution of Texas, Article III, Sec. 49–b, reads, in part, as follows:

"The lands of the Veterans' Land Fund shall be *sold* by the State to Texas Veterans of the present war or wars, commonly known as World War II, and to Texas Veterans of service in the armed forces of the United States of America subsequent to 1945, as may be included within this program by legislative act, *in such quantities, and on such terms, and at such prices and rates of interest, and under such rules and regulations* as are now provided by law, or as may hereaftei be provided by law." (Emphasis added.)

Article 5421m, V.A.T.S., passed to implement the constitutional amendment, provides in part, for a maximum of $7500 as cost of land to each veteran, 5% down payment with application, a report concerning financial responsibility of the veteran, and that the Board may make such rules and regulations as are necessary to carry out the terms of the act.

We conclude there was no grant by the State of a "right" under the Constitution or statute, nor was there a donation or gratuitous bounty nor a right to participate in the Veterans' land program in Texas. Being a veteran was a prerequisite to making application to the Board to buy land, but being a veteran did not automatically endow one with a right to land or to buy land under the program. The equity of appellant in the land here in question was community property as the court found in the divorce judgment. Appellants' second point is overruled.

The judgment of the trial court is affirmed.