**W. H. HOLCOMB, Jr., Appellant,**

v.

**Jane Holcomb BROWN, Appellee.**

No. 597.

Court of Civil Appeals of Texas, Tyler.

Nov. 11, 1971.

Sallas, Griffith & Meriwether, Joe E. Griffith, Crockett, for appellant.

John B. McDonald, A. D. Henderson, Palestine, for appellee.

MOORE, Justice.

This is an appeal from a summary judgment. Plaintiff, Jane Holcomb Brown, sued defendant, W. H. Holcomb, Jr., her ex-husband, for the sum of $3,009.73 alleging such sum to be due her because of his failure to discharge a debt against certain real estate as ordered in a previous divorce decree in Cause No. 13,882. Defendant answered with a plea in bar, alleging that her suit was barred by the doctrine of res judicata by reason of a subsequent judgment in Cause No. 9157 involving the same facts which resulted in a judgment denying her any relief upon her $3,009.73 claim. It is without dispute that defendant, W. H. Holcomb, Jr., did not discharge the indebtedness as ordered by the previous divorce decree. Plaintiff filed a motion for summary judgment. After a hearing, the trial court granted plaintiff's motion and entered judgment against defendant for $3,009.73 from which defendant duly perfected this appeal.

The facts are not in dispute. The sole question is whether her claim for $3,009.73 under the divorce decree was barred by a subsequent judgment in a suit being numbered 9157, styled Jane Holcomb Brown, et vir v. Roy B. Riley and W. H. Holcomb, Jr. dated August 29, 1969. We have determined that because of the doctrine of res judicata the judgment in Cause No. 9157 stands as a complete bar to the present suit and therefore the judgment in the present suit must be reversed and rendered in favor of W. H. Holcomb, Jr.

Stated in chronological order the facts show that the parties were divorced in 1965 by a judgment entered by the District Court of Houston County in Cause No. 13,882. The divorce decree awarded Jane Holcomb Brown an undivided ½ interest in 173.28 acres of land as her part of the community property and the decree further ordered W. H. Holcomb, Jr. to discharge all indebtedness owed to the Texas Veterans' Land Board. The record shows that the parties bought the land from the Veterans' Land Board under a contract to purchase with payments to be made in monthly installments. After the divorce, W. H. Holcomb, Jr. continued to make the payment until June, 1966, when he assigned all of his right, title and interest under the contract to Roy B. Riley without consideration. At that time, the sum of $6,019.46 was due and owing to the Veterans' Land Board.

In September, 1966, Jane Holcomb Brown filed a suit against Roy B. Riley, W. H. Holcomb, Jr., and the Texas Veterans' Land Board under Cause No. 9157, alleging that she was the owner of ½ interest in equitable title to the 173.28 acres of land. She alleged in that suit that the land could not be partitioned in kind and requested the land be sold; that after such sale, the indebtedness to the Veterans' Land Board be paid out of the proceeds; and that the remaining proceeds be divided one-half to appellee and one-half to Roy B. Riley. She also had alternative pleas for (1) appointment of a receiver to sell the land; (2) cancellation and recision of assignment to Riley as being null and void; and (3) damages against the appellant, W. H. Holcomb, Jr. By other allegations she alleged generally that under the divorce decree in Cause No. 13,882, W. H. Holcomb, Jr. became obligated to discharge the indebtedness to the Veterans' Land Board but that he failed and refused to do so and that he failed to require Roy B. Riley to do so in his assignment to Riley.

The suit resulted in a summary judgment in favor of Jane Holcomb Brown in which the court ordered the land sold, and further ordered that the debt due the Veterans' Land Board be paid out of the proceeds and that after paying all expenses of the sale and after reimbursing Roy B. Riley for all monthly installments paid by him, ½ of the remaining proceeds be paid to Jane Holcomb Brown and the remaining ½ be paid to Roy B. Riley. The judgment in Cause No. 9157 further provided *"all relief not herein expressly granted is hereby denied * * *."* (Emphasis supplied.) W. H. Holcomb, Jr. and Roy B. Riley appealed. The judgment was affirmed by this Court under Cause No. 472 and may be found at Riley v. Brown, Tex.Civ.App., 452 S.W.2d 548. Jane Holcomb Brown made no complaint of the judgment in the trial court and did not appeal from the judgment. On appeal, she did however file a motion to dismiss the appeal on the grounds that the judgment was not final because it failed to dispose of her claim against W. H. Holcomb, Jr. for $3,009.73 because of his failure to pay her ½ of the indebtedness due the Veterans' Land Board. The motion to dismiss the appeal was denied by this Court because we were of the opinion that the judgment was final and appealable. 452 S.W.2d 548.

In her present suit, Jane Holcomb Brown seeks again to recover the $3,009.73 alleged to be due her by reason of the failure of W. H. Holcomb, Jr., to discharge her ½ of the indebtedness due the Land Board. In her present suit she alleged, among other things, that the judgment rendered by the Court in Cause No. 9157 had the effect of depriving her of the benefits she derived from the divorce judgment in Cause No. 13,882.

Appellant, W. H. Holcomb, Jr., attacks the summary judgment awarding her the sum of $3,009.73 on the ground that (1) the present suit amounts to a collateral attack upon the judgment entered in Cause No. 9157 and (2) the judgment in Cause No. 9157 is res judicata to any issue in the present case. As we view the record, both contentions must be sustained.

Appellee makes no contention that the judgment in Cause No. 9157 was void. She seeks to void the effects of that judgment for two reasons. First, she argues that the judgment in Cause 9157 deprived her of the benefits of the judgment in Cause No. 13,-882. Secondly, she argues that her claim for the $3,009.73 never became an issue in Cause No. 9157. Consequently, she argues that her claim was never adjudicated in Cause No. 9157 and therefore the doctrine of res judicata is not applicable.

As to the first proposition, appellee seems to admit that her claim for the $3,009.73 was finally determined by the judgment in Cause No. 9157, but claims that she should have a right to re-litigate the matter because the court deprived her of the fruits of the judgment in Cause No. 13,882.

There is no principle better settled than that a judgment of a court of competent jurisdiction cannot be questioned in a collateral suit. 34 Tex.Jur.2d, Judgments, sec. 258, p. 162; Dancy v. Stricklinge, 15 Tex. 557; Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325 (1895); Lipscomb v. Lofland, 141 S.W.2d 983 (Tex.Civ.App., Amarillo, 1940, dism., w. o. j.). The only relief granted appellee in Cause No. 9157 was for a partition. All other relief was denied. Appellee registered no complaint in the trial court and did not appeal. Thus, the judgment denying her any relief upon her claim for damages became final and must be accorded full force and effect until directly attacked. 34 Tex.Jur.2d, Judgments, sec. 258, p. 162. For this reason the summary judgment in the present cause cannot be sustained upon the basis of the first proposition advocated by appellee.

Nor do we believe the summary judgment in the present case can be sustained upon her second proposition. As we view the record, her claim against appellant for the $3,009.73 alleged to be due under the judgment in Cause No. 13,882 is barred by the doctrine of res judicata by reason of the

judgment in Cause No. 9157. In Cause No. 9157, appellee not only alleged in her petition that appellant was obligated to pay the indebtedness owing the Veterans' Land Board, but also asserted in a motion for summary judgment that she was entitled to judgment in the amount of $3,009.73 against W. H. Holcomb, Jr. for failing to pay the indebtedness and that had he paid the $6,019.46 as he was ordered to do, ½ of such sum would have inured to her benefit. Irrespective of her prayer for damages, she nevertheless acquiesced in a judgment reciting that "all relief not herein expressly granted is hereby denied * * *."

"Res judicata is the doctrine that a right, question, or fact, distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense, cannot be disputed in a subsequent suit between the same parties or their privies. * * *" 34 Tex.Jur.2d, Judgments, sec. 450, p. 487.

The rule of res judicata in Texas bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in a former trial, as well as those which were actually tried. Rule 97(a), Texas Rules of Civil Procedure; Ogletree v. Crates, 363 S.W.2d 431 (Tex.Sup., 1963); Cannon v. Hemphill, 7 Tex. 184; Thomson v. Philips, 347 S.W.2d 832 (Tex.Civ.App., San Antonio, 1961); Ladd v. Ladd, 402 S.W. 940 (Tex.Civ.App., Amarillo, 1966); Callaway v. Elliott, 440 S.W.2d 99 (Tex. Civ.App., Tyler, 1969, dismissed); Cantu v. Bage, 467 S.W.2d 680 (Tex.Civ.App., Beaumont, 1971).

The question of whether appellee was entitled to a money judgment against appellant because of his failure to discharge the indebtedness to the land board was clearly and distinctly made an issue in Cause No. 9157. The matter was clearly before the court for determination. The only relief granted appellee in Cause No. 9157 was for partition. All other relief was specifically denied. We hold that appellee's

cause of action in the present suit was barred under the doctrine of res judicata.

While we recognize that in disposing of the appeal in Cause No. 9157 (452 S.W.2d 548, 550), we stated that appellee's "alternative plea for damages never became an issue before the court," a reading of the entire opinion demonstrates that we meant that it never became an issue because she waived or abandoned her alternative plea by failing to pursue it after the court granted her primary relief by way of partition.

For the reasons stated, the judgment is reversed and judgment is hereby rendered in favor of appellant, W. H. Holcomb, Jr., and that all costs be taxed against appellee.