Cecil Marie HUDSON et al., Appellants,

v.

Milton GOODEN, Appellee.

No. 5646.

Court of Civil Appeals of Texas, Waco.

Feb. 10, 1977.

Rehearing Denied March 3, 1977.

**932**

Frank B. McGregor, Hillsboro, for appellants.

Donald Eastland, Hillsboro, for appellee.

HALL, Justice.

Appellants are appellee's children. In 1962, they and appellee became joint owners of a house and lot located in the City of Hillsboro. With appellants' permission, appellee occupied and used the property by himself from 1962 until he moved in March, 1976. During this time he paid all taxes, insurance premiums, and mortgage payments due on the property.

Appellants brought this suit in July, 1975, for partition of the property, or for its sale and division of the proceeds. Trial was held without a jury. The court ordered the property sold, appointed a receiver for this purpose, approved a sale made to one of the appellants in April, 1976, and divided the proceeds one-half to appellants and one-half to appellee in accordance with their interests in the property. Additionally, the court awarded appellee one-half of his expenses for taxes, insurance premiums, and mortgage payments, which he pleaded for, and deducted this amount from appellants' share of the proceeds.

■ Appellants contend that because the court allowed appellee to recoup one-half of his expenses on the property, they should have been awarded a reasonable rental from him for his use of the property during the cotenancy. Appellants did not plead for this relief and there is no proof relating to it. It was therefore waived.

■ Appellants assert the proof shows as a matter of law that in 1962 they and appellee orally agreed that appellee would have exclusive use of the property without payment of rent in exchange for his payment of taxes, insurance premiums and maintenance expense on it. They also say the evidence conclusively establishes that all of the money used by appellee in payment of the expenses now claimed by him was supplied to him by them for that purpose. These facts are supported only by the testimony of appellants, who were interested witnesses. Additionally, they were categorically denied by appellee. Accordingly, they are not conclusively proven.

■ Finally, appellants say they were entitled to recover for damage to the property by appellee and waste permitted by him between the date of suit and the date he moved. Again, fact questions are raised in the evidence as to whether the damage and waste actually occurred. The court was the trier of the facts, and it resolved these questions against appellants' contentions when it expressly found that the property suffered only reasonable wear and tear during appellee's occupancy.

Appellants' points and contentions are overruled. The judgment is affirmed.