SCHEB, Judge.
Robert W. Braden complains of the trial court’s order on his petition for accounting, to purge contempt charges, and to modify alimony payments previously awarded to his former wife Clara Braden. We affirm the trial court except in its refusal to determine appellant’s entitlement to reimbursement for certain expenses he sustained in respect to properties jointly owned with his former wife in Florida and South Carolina.
On July 30, 1979, the circuit court in Sarasota County entered a final judgment dissolving the Bradens’ long-term marriage. Among other things, the dissolution judgment provided that title to the Bradens’ property interests in St. Lucie County, Florida would be held as tenants in common. It further provided the Bradens would continue to jointly own their former marital home in Taylor County, Texas and two parcels of real property in Myrtle Beach, South Carolina. The judgment stipulated that the parties were to be equally responsible for expenses on the Florida property and to equally divide any income and expenses in respect to the Texas and South Carolina properties.
On May 12, 1981, the husband petitioned the court seeking various forms of relief, including a request for an accounting between the parties as to their monetary obligations under the 1979 judgment and a subsequent court order entered October 27, 1980. The husband admitted owing the wife approximately $3,550. However, he claimed she owed him over $4,500 for her portion of the expenses of upkeep and mortgage payments made on the former *915 marital home in Texas and taxes and mortgage payments on the Florida and South Carolina properties.
After the husband filed his petition in the case now before us, he purchased the marital home in Texas pursuant to a final judgment entered in a partition suit in the District Court of Taylor County, Texas on November 20, 1981.
The trial court conducted an evidentiary hearing on the husband’s petition for accounting and other relief in the present case on January 18, 1982. The court ordered a decrease in alimony being paid by the husband but denied his other requests. Specifically the court stated:
1. Husband’s request for credit in reference to expenses on the Texas property is denied. All such claims were either litigated in the Texas litigation, or should have been so litigated.
2. Any taxes paid on other properties is a proper claim in any partition action on those properties and not proper to be considered in these proceedings.
This appeal ensued with the husband rais-' ing four points. His first three arguments are without merit; however, his fourth contention that the court erred in denying him the relief as sought in his petition for accounting does merit discussion.
In support of his fourth point, the husband argues that his claim for expenses with respect to the Texas property was never litigated in the Texas partition suit. The wife testified to the contrary. Irrespective of this conflict in the testimony, under Texas law these matters could and should have been litigated in the partition proceeding since the courts in Texas adjust all equities between parties in a partition suit. See Day v. Day, 421 S.W.2d 703 (Tex. Civ.App.1967); Gonzalez v. Gonzalez, 552 S.W.2d 175 (Tex.Civ.App.1977). Therefore, the doctrine of res judicata bars further litigation of these issues which could or should have been tried in the Texas proceedings. Holcomb v. Brown, 473 S.W.2d 595 (Tex.Civ.App.1971). See also Hudson v. Gooden, 546 S.W.2d 931 (Tex.Civ.App.1977). Thus, the trial court properly concluded the husband’s claims for reimbursement of expenses in respect to the Texas property were or should have been litigated in the Texas court, and the doctrine of res judica-ta precluded them from being raised in the proceedings now before us. Gordon v. Gordon, 59 So.2d 40 (Fla.), cert. denied, 344 U.S. 878, 73 S.Ct. 169, 97 L.Ed. 680 (1952); Pumo v. Pumo, 405 So.2d 224 (Fla. 3d DCA), petition for review denied, 412 So.2d 469 (Fla. 1981); 32 Fla.Jur.2d, Judgments and Decrees § 107 (1981). We hold, therefore, that the court was correct in denying the husband’s request for credit in reference to such expenses.
The husband introduced evidence of payments he made in respect to the Florida and South Carolina properties. As noted, the court indicated such claims would be proper in any partition action involving those properties. We agree. However, it is unclear from the record whether these are being resolved in any partition suits. We hold that the husband is entitled to a credit for the wife’s share of the expenses on the Florida and South Carolina properties which he has already paid, providing such credit has not already been allowed in a partition proceeding.
We remand to the trial court to determine the husband’s entitlement to credit and to award such sum as a setoff against the husband’s indebtedness to the wife. Otherwise, we affirm.
GRIMES, A.C.J., and DANAHY, J., concur.